IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| INTERMOUNTAIN ELECTRONICS, INC., a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CONSPEC CONTROLS, INC., a New York corporation, et al.,<br><br>    Defendants. | ORDER and MEMORANDUM DECISION<br><br><br><br><br><br>Case No. 2:09-CV-20 CW |

In this action, Plaintiff Intermountain Electronics Inc. brings various claims against Thomas Wojcik and his new employers, including breach of fiduciary duty and conspiracy. In short, Intermountain alleges that in leaving Intermountain to work for its competitors, Mr. Wojcik committed various torts. Now before the court is Intermountain's motion for a preliminary injunction and for expedited discovery related to that motion. For the reasons discussed below, those motions are DENIED.

Intermountain is a Utah company that specializes in servicing and repairing electronic equipment used in the mining industry. Mr. Wojcik was, until 2008, a manager at Intermountain. CONSPEC Controls, Inc. is a manufacturer of electronic mining equipment. Pillar Innovations, LLC is alleged to be a competitor of Intermountain in the field of servicing electronic mining equipment.

In 2005, Intermountain hired Mr. Wojcik to manage its facility in Grand Junction, Colorado. In 2008, Intermountain appointed Mr. Wojcik as Business Development Manager. In that position, he managed customer, supplier and employee relationships for Intermountain. He also became familiar with Intermountain's proprietary and confidential business information.

In 2005, Intermountain entered a contract with CONSPEC to be CONSPEC's sales representative and service provide for the Rocky Mountain area, which includes several western states. Intermountain then became an authorized seller of CONSPEC products. Intermountain also began to operate a repair facility for these products in Grand Junction.

According to the complaint, in 2008, while still at Intermountain, Mr. Wojcik began talks with CONPEC and Pillar. Intermountain alleges that the three parties hatched a plan to cut Intermountain out of the market. Under this plan, Mr. Wojcik would quit Intermountain, CONSPEC would terminate its contract with Intermountain and open its own repair facility, and Pillar would hire Mr. Wojcik and become CONSPEC's western region sales representative. Intermountain contends that Mr. Wojcik laid the groundwork for this asserted course of action while he was still at Intermountain by soliciting Intermountain customers to stop using Intermountain and instead place orders to CONSPEC through Pillar. Intermountain asserts that Mr. Wojcik also disparaged Intermountain to CONSPEC, which helped convince CONSPEC to drop Intermountain.

In January 2009, Intermountain brought the present action. In its complaint, Intermountain brought the following claims: (1) breach of fiduciary duty against Mr. Wojcik; (2) inducement of breach of fiduciary duty against CONSPEC and Pillar; (3) intentional interference with economic relationships against Mr. Wojcik and (4) civil conspiracy against all Defendants.

Now before the court are Intermountain's motion for a preliminary injunction and Intermountain's motion to expedite discovery.

I.  **Intermountain's Motion for Preliminary Injunction**

Intermountain moves for the following injunctive relief: an order "enjoining [Mr.] Wojcik pending trial from: (1) contacting, soliciting, hiring or employing any Intermountain employees; (2) soliciting or accepting the business of Intermountain customers with whom he worked while employed at Intermountain; and (3) soliciting or accepting the business of Intermountain suppliers with whom he worked while employed at Intermountain."  (Dkt. No. 7.)

To obtain a preliminary injunction, a party must establish that four equitable factors weigh in its favor: (1) it is substantially likely to succeed on the merits; (2) it will suffer irreparable injury if the injunction is denied; (3) its threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  Beltronics USA, Inc. v. Midwest Inventory Distribution, LLC, 562 F.3d 1067, 1070 (10th Cir. 2009) (citation omitted) "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Id. (quoting Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003)).

   A.  **Likelihood of Success on the Merits**

Mr. Wojcik argues that Intermountain has failed to show a likelihood of success on the merits.  Specifically, Mr. Wojcik contends that even if Intermountain could prove that it was likely to prevail on its breach of fiduciary duty claim against him, the type of injunctive relief it seeks would not be available to redress that.  Accordingly, since Intermountain could not obtain the injunctive relief its seeks even if it won the case, it cannot show a likelihood of success on the

3

merits. The court agrees.

As explained by the United States Supreme Court, a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally." DeBeers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). It would appear, therefore that the converse is also true: that an injunction is not appropriate when the relief sought may not be granted as a final remedy. See, e.g., id. (injunction not appropriate where relief was not available based on claims in the complaint); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (same) and Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir. 1997) (same). Here, Intermountain has not established that under Utah law, a court may enjoin an individual from competing against a former employer based only on a breach of fiduciary duty that occurred while the individual was still working with the former employer. To the contrary, Utah law generally gives former employees wide latitude to compete against their former employers absent reasonable covenants not to compete, including informing customers of their employers that they are leaving and servicing those customers after they leave. See Crane Co. v. Dahle, 576 P.2d 870, 872-73 (Utah 1978). This proposition holds true even if the former employee had fiduciary duties to the former employee. See Prince, Yeates & Geldzahler v. Young, 94 P.3d 179, 185 (Utah 2004). In Prince, Yeates, the court found that an attorney who competed with his law firm while still employed at the law firm might have breached his fiduciary duty to the law firm. See id. However, when discussing the attorney's options if he was unhappy with the firm, the court commented that the attorney was "free, as an at-will employee, to leave at any time and presumably take those clients who wished to follow him." Id. (emphasis added). On the other hand, Utah courts are willing to enforce reasonable covenants

not to compete when certain requirements are met.  See, e.g., TruGreen Cos. v. Mower Brothers, Inc., 199 P.3d 929, 932 (Utah 2008).  Intermountain, however, has not shown that it had any such agreement with Mr. Wojcik.

Based on cases such as Crane and Prince, Yeates, the court is convinced that Utah law would not allow a court to enjoin a former employee from competing with his former employer, even if that employee had fiduciary duties to the former employer.  Instead, the sole remedy for a breach of fiduciary duty in this context appears to be damages.  See Prince, Yeates, 94 P.3d at 185-86.  Intermountain cites no Utah law that suggests otherwise, instead relying on various unpersuasive federal district court cases from New York.

Accordingly, Intermountain cannot show that it will be successful on its claim for injunctive relief against Mr. Wojcik.  To the contrary, the court believes that Intermountain's request for injunctive relief against Mr. Wojcik is precluded under Utah law.

### B.     Other Factors

The court believes that Intermountain's complete inability to prevail on its prayer for injunctive relief in itself precludes an injunction here.  For the sake of completeness, however, the court will briefly address the other factors to obtain an injunction.

First, Intermountain has not shown that it faces an irreparable injury here.  To the contrary, Utah law appears to allow relief in damages as the sole remedy for a breach of fiduciary duty.  See Prince, Yeates, 94 P.3d at 185-86.  Second, the balance of the harms does not clearly favor either party.  Certainly it is more difficult for Intermountain to compete if Mr. Wojcik is soliciting its customer and employees.  On the other hand, however, granting this injunction would essentially deprive Mr. Wojcik of his livelihood.  Both harms are substantial and balance

each other out. Finally, the court does not believe that the public interest would be affected if this injunction is or is not granted, making this factor neutral as well.

## II.     Intermountain's Motion for Expedited Discovery

Intermountain has moved for expedited discovery on its motion for a preliminary injunction. Because the court has denied the underlying motion, the discovery motion is moot and is accordingly DENIED.

## ORDER

For the reasons set forth above, Intermountain's motion for preliminary injunction (Dkt. No. 7) and motion to expedite discovery (Dkt. No. 12) are DENIED.

SO ORDERED this 22nd day of July, 2009.

                        BY THE COURT:

                        _____
                        Clark Waddoups
                        United States District Judge